**Opinion issued August 15, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

### NO. 01-22-00526-CR

———————————

**JUAN GABRIEL SANCHEZ-HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1322139**

---

## MEMORANDUM OPINION

On October 16, 2012, in accordance with a plea agreement with the State, the trial court signed a judgment of conviction sentencing appellant Juan Gabriel Sanchez-Hernandez to two years' confinement for felony driving while intoxicated. On May 12, 2022, appellant filed a motion in the trial court seeking to vacate the

judgment of conviction on the basis that his trial counsel had not advised him of the immigration consequences of his plea. On June 15, 2022, the trial court judge denied the motion with the notation: "Defendant needs to file a post-conviction writ of habeas corpus." On July 6, 2022, appellant filed a notice of appeal attempting to appeal the denial of his motion to vacate. The State has filed a motion to dismiss the appeal for want of jurisdiction. We grant the motion and dismiss the appeal.

## Discussion

Appellant attempts to appeal from the denial of his May 12, 2022 motion to vacate. Appellant's motion to vacate is properly considered as a motion for new trial. *See State v. Gallien*, 631 S.W.3d 885, 890 (Tex. App.—Houston [1st Dist.] 2021, pet. ref'd) (when determining appellate jurisdiction, courts look at effect of order rather than its name); TEX. R. APP. 21.1 ("new trial" is "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt."). No Texas statute authorizes a direct appeal from the denial of a motion for new trial independent of an appeal from an underlying conviction. *See Torres v. State*, No. 12-22-00004-CR, 2022 WL 399140, at *1 (Tex. App.—Tyler Feb. 9, 2022, no pet.) (mem. op., not designated for publication) ("An order denying a motion for new trial is not a separately appealable order.") (collecting cases); *see also Gipson v. State*, No. 01-18-00207-CR, 2018 WL 2305532, at *1 (Tex. App.— Houston [1st Dist.] May 22, 2018, no pet.) (mem. op., not designated for

2

publication). Therefore, we lack jurisdiction to review the denial of appellant's motion to vacate the judgment of conviction.[1]

Even if we were to consider the notice of appeal as an attempt to appeal from the judgment of conviction signed on October 16, 2012, we still lack jurisdiction because the notice of appeal was untimely filed almost ten years after the judgment. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, a "notice of appeal must be filed" within thirty days after sentencing or entry of an appealable order. TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time for filing a notice of appeal may be further extended if, within fifteen days of the deadline for filing the notice of appeal, appellant files the notice of appeal and a motion for extension of time compliant with Rule 10.5(b). *See* TEX. R. APP. P. 26.3. This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See*

---

[1] In his response to the State's motion to dismiss, appellant asserts that the trial court should have considered his motion to vacate the judgment of conviction as an Article 11.07 application for writ of habeas corpus. But the difference between an Article 11.07 habeas application and a motion for new trial is not merely a naming convention—an Article 11.07 habeas application is an entirely different procedure that operates under the authority of the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07. The procedures applicable to post-conviction habeas applications were not initiated in this case.

*Olivo*, 918 S.W.2d at 522. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

We also lack jurisdiction over an appeal from the judgment of conviction because in a plea-bargain case, as is the case here, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the clerk's record supports the trial court's certification that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

## Conclusion

In sum, this Court lacks appellate jurisdiction over this appeal because the denial of appellant's motion to vacate is not independently reviewable from the underlying judgment of conviction. To the extent appellant's notice of appeal can be construed as appealing the judgment of conviction, we lack jurisdiction because (1) the notice of appeal is untimely and (2) this is a plea-bargain case and appellant has no right to appeal. Accordingly, we grant the State's motion and dismiss the appeal for want of jurisdiction. We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).